IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AL-MUHAMMAD ALEEK SHABAZZ a/k/a Roger L. Dennis, Jr.,<br><br>      Plaintiff,<br><br>      v.<br><br>CMS/FCM MEDICAL SYSTEM, WARDEN THOMAS CARROLL, and COMMISSIONER STANLEY W. TAYLOR,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civ. No. 06-372-GMS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM**

Plaintiff Al-Muhammad Aleek Shabazz ("Shabazz"), an inmate at the Delaware Correctional Center filed this action pursuant to 42 U.S.C. § 1983. He appears *pro se* and on June 22, 2006, was granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915. (D.I. 3.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, the complaint will be dismissed without prejudice for failure to state a claim up which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Shabazz is given leave to amend the complaint.

**I.    THE COMPLAINT**

Shabazz alleges that he is not receiving adequate medical care and treatment for his right ear. Shabazz complains of pain, an inability to hear from the ear, continuous infections, and drainage. He also alleges that contrary to assurances by medical personnel, he has yet to see an "outside" ear, nose and throat physician. Shabazz also alleges that he has not been provided with

a back brace. Shabazz names as defendants CMS/FCM Medical System, Warden Thomas Carroll, and Commissioner Stanley W. Taylor.

## II. STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the Court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). The Court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). An action is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995). Additionally, a *pro se* complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## III. ANALYSIS

To state a viable § 1983 claim, a plaintiff must allege facts showing a deprivation of a

constitutional right, privilege or immunity by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Additionally, a civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pennsylvania State Police*, 570 F.2d 86, 89 (3d Cir.1978)). Finally, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003)(quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

In Section III of the complaint Shabazz lists the defendants as Thomas Carroll, CMS Medical "several names," and Stanley W. Taylor. Other than Section III, the defendants are not mentioned in the complaint. Granted, the complaint mentions numerous other individuals affiliated with or employed at the institution where Shabazz is housed. There are no allegations in the complaint, however, that set forth any acts or inactions of the named defendants that deprived Shabazz of a federal right. Consequently, the complaint does not sufficiently apprise the defendants of any claim Shabazz may wish to bring against them.

The complaint as plead contains no allegations against CMS/FCM Medical System, Warden Carroll, or Commissioner Taylor. Therefore, the complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). Inasmuch as Shabazz attempts to allege an Eighth Amendment deliberate indifference to a serious medical need claim, he is given leave to amend the complaint.

## IV.  CONCLUSION

For the above stated reasons the court finds that the complaint fails to state a claim upon which relief may be granted.  Shabazz will be given leave to amend.  An appropriate order will be entered dismissing the case.

_____
UNITED STATES DISTRICT JUDGE

__August 10__, 2006
Wilmington, Delaware

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AL-MUHAMMAD ALEEK SHABAZZ<br>a/k/a Roger L. Dennis, Jr.,<br><br>      Plaintiff,<br><br>      v.<br><br>CMS/FCM MEDICAL SYSTEM,<br>WARDEN THOMAS CARROLL, and<br>COMMISSIONER STANLEY W.<br>TAYLOR,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civ. No. 06-372-GMS<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

At Wilmington this 10th day of August, 2006, for the reasons set forth in the Memorandum issued this date

1.    The complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

2.    Shabazz is given leave to amend the complaint. The amended complaint shall be filed within **thirty days** from the date of this order. If an amended complaint is not filed within the time allowed, then the case will be closed.

                                                                               UNITED STATES DISTRICT JUDGE