In The United States District Court
For The District Of Delaware

Al-Muhammad Aleek Shabazz,
a/k/a Roger L. Dennis, Jr.,
Plaintiff,

v.

First Correctional Medical Services, et al.;
Correctional Medical Services, Inc., et al.;
Stanley W. Taylor, and the Del. Dept of Corr.,
et al.; and Thomas L. Carroll, and the Del. Corr.
Cntr., et al.

Defendants.

Civ. Action No. 06-372-GMS

Jury Trial Demanded

## Plaintiff's First Amendment To Claims For Relief And Injunction

Comes Now, the plaintiff Al-Muhammad Aleek Shabazz, in pro se status, who by a grant from this Honorable Court on August 10, 2006, amends his civil action pursuant to 42 U.S.C. §1983 as following:

### Procedural History

1. The plaintiff is an incarcerated inmate at the Delaware Correctional Center, Smyrna, De 19977.

2. First Correctional Medical Services, are the former contractual medical provider hired to facilitate and provide all medical care services for all state prisoner housed under the custody of Delaware Department of Corrections "DOC" Stanley W. Taylor (Commissioner) authority.

3. Correctional Medical Services, are currently employed by Mr. Taylor as the contractual medical provider hired to facilitate and provide all medical care services at Delaware Correctional Center, and state wide under which is ran by the Delaware Department of Corrections.

4. Thomas L. Carroll, is warden at the Delaware Correctional Center, Smyrna, De 19977.

5. I, the Plaintiff (Al-Muhammad Aleek Shabazz) on March 23, 2006, fail and hit my head damaging my right ear while getting of my bunk in MHU #22. I immediately called for a guard because my ear was bleeding and had began to swell also, present as witnesses was inmates (Bryant Cannon and David Smith) who assisted me by applying a wet rag to my ear.

6. After a few minutes (Sgt. Derman and Cpl. B. Burton) arrived and called for a nurse. At which time (LN. Neal) came and looked at my ear, she then called for another nurse (Sherrell) who said that I might need stitches, talking to (LN. Neal) by way of phone, and told her to bring me to the building infirmary room for examination.

7. After getting there (Sherrell) cleaned up the area and advised me again that it still might need stitches, but never gave to me any. She then told me to come back in a few days to be re-evaluated.

8. On March 25, 2006, (RN. Kay) gave me an antibiotic for my ear. And at 6:45 pm I was called out and had my ear checked by (LN. Reader) who informed me that it was still bleeding from the inside and was very discolored. Mrs. Reader further advised me that it was her professional opinion and experince that I should had been sent out when it happened.

9. On March 28, 2006, I had'nt experienced any change in my condition. The antibiotic was'nt working and not only was there still bleeding and discoloration to my ear. But I still was suffering in pain both emotionally and physically. I was able to contact my counselor Mrs. Atallian who in exchange informed medical, who sent (NP. Sherrell out, MA. Adienne Bianch, MA. Cane) nothing was done.

9. Since first injurying myself (DOC/DCC) and its medical contractors have refused to provide me with adequate medical treatment. Despite now assessed doctor diagnosis for out medical treatment, nothing continues to get done, irrespected of medical grievances and written complaints to prison and medical officials.

Claims for Relief

10. The actions of Defendants (Stanley W. Taylor, Thomas L. Carroll, et al) acting under color of state law in their official and individual capacities with knowledge and acquaintance of the deliberate indifference to my serious medical needs, constitutes "cruel and unusual punishment" in violation of the Eighth Amendment of the United States Constitution. Monmouth County Correctional Center & Institutional Inmates v. Lanzaro, 834 F.3d 326, 347 (3d Cir. 1987) (A medical need is serious if it is one that has been diagnosed by a physician as requiring treatment, or one that obviously a lay person would easily recognized by the necessity for a doctor's attention); Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976).

11. The actions of Defendants (First Correctional Medical and Correctional Medical Services) along with its named and unnamed herein, employees acting under color of state law in their official and individual capacities with knowledge and acquaintance of deliberate indifference to my serious medical needs. Have demonstrated "cruel and unusual punishment" by failing to provide to me adequate medical treatment in violation of the Eighth Amendment of the United States Constitution. Vinnedge v. Gibbs, 550 F.2d 926 (4th Cir. 1977) (denial of medical care); White v. Napoleon, 897 F.2d 103, 109 (3d Cir. 1990) (deliberate indifference claim stated by allegation that doctor(s) intended to inflict pain on prisoner without any medical justification and ........ the sheer number of specific number of instances in which doctor(s) alledgedly, insisted on course continuing treatment that doctor(s) knew was painful, ineffective, or entitled substantial risk of serious harm to prisoner) is intentional maltreatment"; Estelle v. Gamble, Id. 97 S.Ct. 285 (1976)

Relief Requested

Wherefore, the Plaintiff requests that the Court grant the following relief:

A. Issue declaratory judgment stating that:

1. Defendants Taylor, Carroll, et al., working as employees of the Delaware Department of Corrections have violated the rights of the Plaintiff under the Eighth Amendment to the United States Constitution, that constitutes a deliberate indifference to his serious medical needs.

2. Defendants First Correctional Medical, Correctional Medical Services, and their employees have violated the rights of the Plaintiff under the Eighth Amendment to the United States Constitution, constituting a deliberate indifference to his serious medical needs.

B. Issue a injunction ordering that Defendants Taylor and Carroll or their agents to:

1. Immediately arrange and pay for the Plaintiff to be seen by a Ear Specialist (not affiliated) with any of the Defendants in this case.

2. Immediately arrange for the Plaintiff to begin recieving adequate pain medication for his ear and medications needed for the treatment of a "busted eardrum".

3. Immediately issue after review by the Ear Specialist their finding a report to this Court within 10 days of its assesment for re-evaution and/or forms of continual treatment to be served upon the Plaintiff. Wherewhich, this Court shall make an order to discontinue or continue the necessary forms of effective treatment to the Plaintiff.

C. Award compensatory damages in the following amounts:

1. $25,000 severally against Defendants First Correctional Medical and Correctional Medical Services, et al., for the emotional and physical injuries substained as a result of the Plaintiff denial of medical care.

2. $5,000 severally against Defendants Taylor and Carroll, et al., for knowingly neglecting to provide the Plaintiff with the necessary care and treatment deserving of the Plaintiff for his serious medical needs, at the hands of their contracted medical personnel deliberate indifferences.

D. Award punitive damages in the following amounts:
1. $10,000 each against individuals directly associated with the denial of the Plaintiff's medical treatment employeed by First Correctional Medical or Correctional Medical Services, et al.
2. $15,000 each against Defendants Taylor and Carroll, et al., for the continual neglect and failure to act to the serious medical needs of the Plaintiff.
E. Grant such other relief as may appear that Plaintiff is entitled to.

Dated: October 17, 2006

Ali-Muhammad Aleek Shabazz
Ali-Muhammad Aleek Shabazz #291736
Delaware Correctional Center
1181 Paddock Road, P.O. Box 500
Smyrna, Delaware 19977



I/M Al-Muhammed Aleek Shabazz
SBI# 241736    UNIT E-Bldg D#4/0
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Office of the Clerk
United States District Court
844 N. King Street, Lock Box 18
Wilmington, Delaware    19801-3570
c/o Hon. Judge Gregory M. Sleet

(Legal Mail)

Emergency Att'n