IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AL-MUHAMMAD ALEEK SHABAZZ a/k/a Roger L. Dennis, Jr.,<br><br>    Plaintiff,<br><br>v.<br><br>CMS/FCM MEDICAL SYSTEM, WARDEN THOMAS CARROLL, and COMMISSIONER STANLEY W. TAYLOR,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civ. No. 06-372-GMS<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM**

Plaintiff Al-Muhammad Aleek Shabazz ("Shabazz"), an inmate at the Delaware Correctional Center ("DCC") filed this action pursuant to 42 U.S.C. § 1983. He appears *pro se* and was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 3.) The court dismissed the original complaint and Shabazz was given leave to amend. He timely filed an amended complaint on October 26, 2006 (D.I. 8.), and it is now screened pursuant to 28 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, the court will dismiss the claims against Warden Thomas Carroll, Commissioner Stanley W. Taylor, the Delaware Department of Correction, and the Delaware Correctional Center without prejudice for failure to state a claim up which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Shabazz may proceed against First Correctional Medical Services and Correctional Medical Services, Inc.

**I.    FIRST AMENDED COMPLAINT**

Shabazz alleges that he is not receiving adequate medical care and treatment for his right

ear. Shabazz complains of pain, an inability to hear from the ear, continuous infections, and drainage. He also alleges that contrary to assurances by medical personnel, he has yet to see an "outside" ear, nose and throat physician. Shabazz alleges that First Correctional Medical Services ("FCM") and Correctional Medical Services, Inc. ("CMS") and their employees are deliberately indifferent to his serious medical needs.

The court docket does not properly list the named defendants as set forth in the amended complaint. The clerk of the court is directed to correct the docket to reflect the defendants listed in the caption of the amended complaint, as follows: First Correctional Medical Services, Correctional Medical Services, Inc., Stanley W. Taylor, Delaware Department of Correction, Thomas Carroll, and the Delaware Correctional Center.

## II.    STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). An action is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319,

325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995). Additionally, a *pro se* complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

### III. ANALYSIS

#### A. Eleventh Amendment Immunity

Shabazz alleges that the Delaware Department of Correction ("DOC") and the DCC have refused to provide him with medical care. (D.I. 8, ¶ 9.) "Absent a state's consent, the eleventh amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981)(citing *Alabama v. Pugh*, 438 U.S. 781 (1978)(*per curiam*)). The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. *See Ospina v. Department of Corr.*, 749 F.Supp. 572, 579 (D. Del. 1990). Hence, the DOC and the DCC are entitled to immunity under the Eleventh Amendment. *See e.g. Evans v. Ford*, C.A. No. 03-868-KAJ, 2004 WL 2009362, at *4 (D. Del. Aug. 25, 2004) (dismissing claim against DOC, because DOC is state agency and DOC did not waive Eleventh Amendment immunity).

Shabazz's claims against the DOC and the DCC have no arguable basis in law or in fact. They are frivolous and are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

#### B. Respondeat Superior

As is apparent from the complaint, Shabazz seeks to hold Commissioner Taylor and

Warden Carroll liable on the basis of their supervisory positions. Supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. *See Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). In order for a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989) (citing *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)).

There is nothing in the complaint to indicate that either Commissioner Taylor or Warden Carroll were the "driving force [behind]" any alleged violation. More so, the complaint does not indicate that these defendants were aware of Shabazz's allegations and remained "deliberately indifferent" to his plight. *Sample v. Diecks*, 885 F.2d at 1118. Inasmuch as the claims against Commissioner Taylor and Warden Carroll have no arguable basis in law or in fact, they are dismissed 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## IV.     CONCLUSION

Based upon the foregoing analysis, the claims against the defendants the Delaware Department of Correction, the Delaware Correctional Center, Commissioner Stanley Taylor and Warden Thomas Carroll are dismissed without prejudice as they are either immune from suit or the allegations fail to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Shabazz is allowed to proceed against the remaining defendants on his claim for deliberate indifference to a serious medical need. An appropriate

order will be entered.

_____
UNITED STATES DISTRICT JUDGE

Feb 8 , 2007
Wilmington, Delaware



FILED
FEB - 9 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AL-MUHAMMAD ALEEK SHABAZZ<br>a/k/a Roger L. Dennis, Jr.,<br><br>      Plaintiff,<br><br>v.<br><br>CMS/FCM MEDICAL SYSTEM,<br>WARDEN THOMAS CARROLL, and<br>COMMISSIONER STANLEY W.<br>TAYLOR,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civ. No. 06-372-GMS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

At Wilmington this 8th day of Feb., 2007, for the reasons set forth in the Memorandum issued this date,

1.     The claims against the defendants the Delaware Department of Correction and the Delaware Correctional Center, Commissioner Stanley Taylor, and Warden Thomas Carroll are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) as the defendants are either immune from suit or the allegations raised against them fail to state a claim upon which relief may be granted.

2.     The court has identified cognizable Eighth Amendment claims within the meaning of 28 U.S.C. § 1915A(b) against defendants First Correctional Medical Services and Correctional Medical Services, Inc. Shabazz is allowed to PROCEED against these defendants.

IT IS FURTHER ORDERED that:

1.     The clerk of the court shall cause a copy of this order to be mailed to the plaintiff.

2.     Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), the plaintiff shall complete and

return to the clerk of the court an **original** "U.S. Marshal-285" form for **remaining defendants First Correctional Medical Services and Correctional Medical Services, Inc.** as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(C). **Additionally, the plaintiff shall provided the court with one copy of the complaint (D.I. 2) and the amended complaint (D.I. 8) for service upon each of the remaining defendants. The plaintiff is notified that the United States Marshal will not serve the complaint until all "U.S. Marshal 285" forms have been received by the clerk of the court. Failure to provide the "U.S. Marshal 285" forms for the remaining defendant(s) and the attorney general within 120 days from the date of this order may result in the complaint being dismissed or defendant(s) being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

  3. Upon receipt of the form(s) required by paragraph 2 above, the United States Marshal shall forthwith serve a copy of the complaint (D.I. 2), the amended complaint (D.I. 8), the court's August 10, 2006 order (D.I. 6), this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the defendant(s) identified in the 285 forms.

  4. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

  5. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the

complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

6. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7. **NOTE:** *** When an amended complaint is filed prior to service, the court will **VACATE** all previous service orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). ***

8. **NOTE:** *** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. ***

UNITED STATES DISTRICT JUDGE

FILED
FEB - 9 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE