IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AL-MUHAMMAD ALEEK SHABAZZ a/k/a Roger L. Dennis, Jr., <br><br> Plaintiff, <br><br> v. <br><br> FIRST CORRECTIONAL MEDICAL SERVICES and CORRECTIONAL MEDICAL SERVICES, INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civ. No. 06-372-GMS <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM ORDER**

The plaintiff, Al-Muhammad Aleek Shabazz a/k/a Roger L. Dennis, Jr. ("Shabazz"), a prisoner housed at the Delaware Correctional Center, filed this lawsuit pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and was granted leave to proceed *in forma pauperis.* (D.I. 3.) Shabazz filed a motion on January 12, 2007, entitled "motion for medical discharge and transfer out of custody of DOC to Delaware State Hospital for further evaluations" which the court construes as a motion for injunctive relief. (D.I. 9.)

When considering a motion for a temporary restraining order or preliminary injunction, the court determines: (1) the likelihood of success on the merits; (2) the extent to which the plaintiff is being irreparably harmed by the conduct complained of; (3) the balancing of the hardships to the respective parties; and (4) the public interest. *Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004)(citation omitted). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" *Id.* (citations omitted). It is the plaintiff's burden, in seeking injunctive relief, to show a likelihood

of success on the merits. *Campbell Soup Co. v. ConAgra, Inc.,* 977 F.2d 86, 90 (3d Cir. 1992).

Shabazz asks for a transfer to the Delaware State Hospital for further exams and evaluations. The motion does not indicate what type of examination or evaluations he believes are necessary and Shabazz did not submit any exhibits in support of his motion. Shabazz seeks the transfer based upon the outcome of a federal probe of the Delaware prison system. This is an insufficient reason for the granting of injunctive relief.

Shabazz has not met his burden to prove he is entitled to injunctive relief. He has failed to meet the first prong necessary for imposition of injunctive relief as he has not demonstrated the likelihood of success on the merits. Hence, the Court will deny his motion for injunctive relief.

NOW THEREFORE, IT IS HEREBY ORDERED this 4th day of May, 2007, that the motion for injunctive relief (D.I. 9) is **denied**.

UNITED STATES DISTRICT JUDGE



FILED

MAY - 4 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE