IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AL-MUHAMMAD ALEEK SHABAZZ, : <br> a/k/a ROGER L. DENNIS, JR., : <br>       : <br> Plaintiff, : <br>       : <br> v. : <br>       : <br> FIRST CORRECTIONAL MEDICAL : <br> SERVICES, ET AL.; CORRECTIONAL : <br> MEDICAL SERVICES, INC., ET AL., : <br>       : <br> Defendants. : | C.A. No. 06-372-GMS |

**DEFENDANT CORRECTIONAL MEDICAL SERVICES, INC.'S
ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant, Correctional Medical Services, Inc. ("CMS") by and through its undersigned counsel of record, hereby Answers Plaintiff's Amended Complaint and states as follows:

1. Admitted.

2. CMS is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and so they are denied.

3. Denied that CMS is "employed by Mr. Taylor". Admitted that CMS provides medical care services at Delaware Correctional Center and at other facilities in the State of Delaware. The remaining allegations are vague and ambiguous and so are denied pending clarification.

4. Admitted.

5. CMS is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and so they are denied.

6. CMS is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in this paragraph regarding Sgt. Jerman and Cpl. Burton and so they are denied. To the extent the remaining allegations are consistent with the Plaintiff's medical records, they are admitted, otherwise, denied.

7. To the extent the allegations of this paragraph are consistent with the Plaintiff's medical records, they are admitted, otherwise, denied.

8. To the extent the allegations of this paragraph are consistent with the Plaintiff's medical records, they are admitted, otherwise, denied.

9. CMS is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in this paragraph regarding what Plaintiff was or was not experiencing or what transpired between Plaintiff and his counselor and so they are denied. To the extent the remaining allegations are consistent with the Plaintiff's medical records, they are admitted, otherwise, denied.

9. (sic) To the extent the allegations of this paragraph constitute legal conclusions, no response is required and they are deemed denied. Denied that Plaintiff has not received adequate medical treatment. Allegations of medical negligence, causation, and civil rights violation are expressly denied.

## ANSWER TO CLAIMS FOR RELIEF

10. To the extent the allegations of this paragraph constitute legal conclusions, no response is required and they are deemed denied. The remaining allegations of this paragraph are not directed toward CMS, and so no response is required of CMS.

11. To the extent the allegations of this paragraph constitute legal conclusions, no response is required and they are deemed denied. The remaining allegations (to the

extent directed to CMS) are denied. All allegation of medical negligence, causation, and/or civil rights violation are denied.

WHEREFORE, for the foregoing reasons, defendant Correctional Medical Services, Inc. respectfully requests entry of judgment in its favor and against Plaintiff, together with costs, attorneys' fees and such other relief as this Court deems just and appropriate.

## ADDITIONAL DEFENSES

12. Plaintiff fails to state a claim upon which relief can be granted.

13. CMS was not deliberately indifferent to any serious medical need.

14. Plaintiff fails to state a claim for medical negligence.

15. To the extent Plaintiff states a claim for medical negligence, such claim is barred by Plaintiff's failure timely to comply with 18 *Del. C.* § 6853.

16. Plaintiff's claims are barred by the statute of limitations.

17. Plaintiff's civil rights claims are barred by the inapplicability of vicarious liability.

18. Plaintiff fails adequately to plead a claim for punitive damages.

19. CMS provided Plaintiff with medical care that was appropriate for his conditions and which met the applicable standard of care.

20. Plaintiff has failed to exhaust his administrative remedies.

21. Plaintiff's injuries, if any, resulted from a superseding, intervening cause.

22. Plaintiff's injuries, damages or claims are the result of a pre-existing condition not caused by any action or omission of CMS.

23. Plaintiff's injuries, losses, or damages, if any, were the direct, sole and proximate result of activities or conduct of persons or entities for whom CMS is responsible and over whom CMS had no authority or control.

24. Plaintiff fails to state a claim for punitive damages.

25. CMS reserves the right to assert additional defenses in the future to the extent warranted by discovery.

WHEREFORE, defendant Correctional Medical Services, Inc. respectfully requests entry of judgment in its favor and against Plaintiff together with costs and attorneys' fees and such other relief as this Honorable Court deems just and appropriate.

**BALICK & BALICK, LLC**

/s/ James E. Drnec
James E. Drnec, Esquire (#3789)
711 King Street
Wilmington, Delaware 19801
302.658.4265
Attorneys for Defendant CMS

Date:   August 10, 2007

## CERTIFICATE OF SERVICE

I, James Drnec, hereby certify that on the 10th day of August 2007, the foregoing Answer to Plaintiff's First Amended Complaint was filed via CM/ECF and served upon the manner indicated upon the follow:

**FIRST CLASS MAIL**
Al-Muhammad Aleek Shabazz
  a/k/a Roger L. Dennis, Jr.
SBI #241736
1181 Paddock Rd.
Smyrna DE 19972

                        /s/ James E. Drnec
                James E. Drnec, Esquire (#3789)