IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AL-MUHAMMAD ALEEK SHABAZZ, : <br> a/k/a ROGER L. DENNIS, JR., : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> FIRST CORRECTIONAL MEDICAL : <br> SERVICES, ET AL.; CORRECTIONAL : <br> MEDICAL SERVICES, INC., ET AL., : <br> : <br> Defendants. : | C.A. No. 06-372-GMS |

**DEFENDANTS' MOTION TO DISMISS PURSUANT TO 18 DEL. C. § 6853**

Defendants Correctional Medical Services, Inc. ("CMS") by and through its undersigned counsel of record, hereby moves for entry of an Order in the form attached hereto dismissing with prejudice Plaintiff's claims for medical negligence. In support of this motion, Defendant states as follows:

*Facts and Procedural Posture*

1. On June 5, 2006, Plaintiff initiated the above-captioned action by filing his Complaint alleging Defendants failed adequately to treat his dental problems. (D.I.2) Plaintiff failed to file with his Complaint an affidavit of merit as required by 18 Del. C. § 6853.

2. On August 10, 2006, the Court sua sponte dismissed the action pursuant to review under 28 U.S.C. §§ 1915, 1915(a), but granted leave to Plaintiff to file an amended complaint. (D.I. #6).

3. On October 15, 2006, Plaintiff filed his Amended Complaint. (D.I. #8). On February 9, 2007, the Court sua sponte dismissed the Plaintiff's claims against certain

defendants, leaving CMS and First Correctional Medical Services as the remaining defendants. (D.I. #10).

4. On August 8, 2007, defendant CMS filed its Answer to the Complaint denying, *inter alia*, any and all allegations of medical negligence and causation, and raising as a defense Plaintiff's failure timely to comply with 18 Del. C. § 6853 by not filing an affidavit of merit.

*Argument*

5. Any claim stated by the Plaintiff sounding in medical negligence pursuant to Delaware State law must be dismissed for his failure timely to file an affidavit of merit as required by 18 Del. C. §6853, which provides, in relevant part:

> No healthcare negligence lawsuit shall be filed in the State unless the Complaint is accompanied by:
> (1) an affidavit of merit as to each defendant signed by an expert witness, as defined in §6854 of this title and accompanied by a current curriculum vitae of the witness stating that there are reasonable grounds to believe that there has been healthcare medical negligence committed by each defendant. If the required affidavit does not accompany the complaint or if a motion to extend the time to file said affidavit as permitted by paragraph (2) of this subsection has not been filed with the court, then the Prothonotary or clerk of the court shall refuse to file the Complaint and it shall not be docketed with the court. The affidavit of merit and curriculum vitae shall be filed with the court in a sealed envelope which envelope shall state on its face . . .

*Id.*

6. Because Plaintiff did not file any affidavit of merit or timely move for an extension of time to do so, the Plaintiff's claims sounding in medical negligence must be dismissed. *See Buchanan v. Gay*, 2006 WL 2709401 (Del.Super.) *aff'd* 2007 WL 1454884 (Del.) (Exhibit "A", "B").

WHEREFORE, for the foregoing reasons, Defendant CMS respectfully requests the Court dismiss with prejudice those portions of Plaintiff's claims which allege medical negligence.

             **BALICK & BALICK, LLC**

              /s/ James E. Drnec
             James E. Drnec, Esquire (#3789)
             711 King Street
             Wilmington, Delaware 19801
             302.658.4265
             Attorneys for Defendant CMS

Date:  August 10, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AL-MUHAMMAD ALEEK SHABAZZ, : <br> a/k/a ROGER L. DENNIS, JR., : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> FIRST CORRECTIONAL MEDICAL : <br> SERVICES, ET AL.; CORRECTIONAL : <br> MEDICAL SERVICES, INC., ET AL., : <br> : <br> Defendants. : | C.A. No. 06-372-GMS |

## **ORDER**

AND NOW, this _____ day of _____, 2007, the Court having

considered Defendant CMS's Motion to Dismiss Pursuant to 18 Del. C. § 6853, and all

opposition thereto, it is hereby ordered that the Motion is GRANTED. All State law

medical negligence claims in the above-captioned action are dismissed with prejudice.

_____
                                                                                    J.

# Exhibit A

Superior Court of Delaware,
Sussex County.
David J. BUCHANAN, and in the interest of Heidi N. Buchanan, Plaintiff,
v.
Thomas E. GAY, Esquire; Thalia Joan Gay; and the firm of Stumpf, Vickers & Sandy, P.A., Defendants.
C.A. No. 06C-01-002 MMJ.
Submitted: June 26, 2006.
Decided: Sept. 21, 2006.

David J. Buchanan, Pro Se.
Joseph Scott Shannon, Esquire, Marshall Dennehey Warner Coleman & Goggin, Wilmington, Delaware, Attorneys for Thomas E. Gay, Esquire and Stumpf Vickers & Sandy, P.A.
John A. Elzufon, Esquire, Elzufon, Austin, Reardon, Tarlov & Mondell, P.A., Wilmington, Delaware, Attorneys for Thalia Joan Gay.

***MEMORANDUM OPINION***

JOHNSTON, J.

***PROCEDURAL CONTEXT***

*1 On January 3, 2006, *pro se* plaintiff Davis J. Buchanan ("Buchanan") filed a Complaint, seeking "damages for Breach of Fiduciary Duty, Medical Malpractice, Defamation of Character, Derivative Tort, Infliction of Severe Emotional Distress and Harm, Litigation Conducted in Malum In Se, Failure to Observe Federal Bankruptcy Laws, Violation of Civil Rights, Disadvantaging an Opposing Party by Misleading a Presiding Judge, Abuse of Process, Errors and Omissions." The parties filed several motions. The Court held a hearing on the motions on June 26, 2006. Following is the Court's resolution of the motions.

***Motion to Dismiss by Defendant Thaila Joan Gay***

**and**

***Motion to Strike Motion to Dismiss by Defendant Thaila Joan Gay for non Compliance of Court Rules***

**and**

***Plaintiff's Motion for Default Judgment Against Thaila Joan Gay***

**and**

### Motion to Strike Answer and Opposition of Defendants Thomas E. Gay and Stumpf, Vickers & Sandy, P.A. to Plaintiffs' Motion for Default Judgment as to Thaila Gay

Thaila Joan Gay is the former spouse of plaintiff David J. Buchanan. Thaila Gay presently is married to defendant Thomas E. Gay. As set forth in the Complaint, Buchanan alleges that while employed as a nurse for Beebe Hospital, Thaila Gay "breached her fiduciary duty to Mr. Buchanan resulting in medical malpractice."

Section 6853(a)(1) of title 18 of the Delaware Code provides that all medical negligence complaints must be accompanied by an affidavit of merit, signed by an expert witness, accompanied by a current *curriculum vitae* of the witness, stating that there are reasonable grounds to believe that healthcare medical negligence has been committed. Buchanan has conceded that he has not filed an affidavit of merit. The claim against Thaila Gay clearly is designated as "medical malpractice." The Court finds that plaintiff has failed to comply with the affidavit of merit prerequisite set forth in sections 6853(a)(1) and (c) of title 18 of the Delaware Code.

**THEREFORE, the Motion to Dismiss by Defendant Thaila Joan Gay is hereby GRANTED, with prejudice. The Court having dismissed Defendant Thaila Joan Gay, the Motion to Strike Motion to Dismiss by Defendant Thaila Joan Gay for non Compliance of Court Rules; Plaintiff's Motion for Default Judgment Against Thaila Joan Gay; and the Motion to Strike Answer and Opposition of Defendants Thomas E. Gay and Stumpf, Vickers & Sandy, P.A. to Plaintiffs' Motion for Default Judgment as to Thaila Gay are hereby DENIED AS MOOT.**

\* \* \*

### Plaintiff's Motion for Protective Order and Order to Strike Supplement of Defendants Thomas E. Gay and Stumpf, Vickers & Sandy P.A. to their Motion for Dismissal in Lieu of an Answer to the Complaint

During the June 26, 2006 hearing, the Court dismissed, with prejudice, plaintiff Heidi N. Buchanan as a party to the case. David Buchanan, Heidi's father, had filed the Complaint purportedly "in the interest of Heidi N. Buchanan." David Buchanan failed to follow the required procedure for appointment as the legal representative of a minor. Additionally, at the time of the June hearing, Heidi had reached majority. By Affidavit of Heidi N. Buchanan attached to the Supplement of Defendants Thomas E. Gay and Stumpf, Vickers & Sandy, P.A. to their Motion for Dismissal in Lieu of an Answer to the Complaint, Heidi Buchanan requested that she be dismissed as a party. The Court found that the Supplement was properly filed in accordance with the Superior Court Civil Rules, and that the substance of the Supplement was meritorious.

\*2 **THEREFORE, Plaintiff's Motion for Protective Order and Order to Strike Supplement of Defendants Thomas E. Gay and Stumpf, Vickers & Sandy P.A. to their Motion for Dismissal in Lieu of an Answer to the Complaint is hereby DENIED. Plaintiff Heidi N. Buchanan is hereby dismissed as a party to this case, with prejudice.**

Further, in the Motion for Protective Order, Plaintiff alleged that a member of the Delaware Bar engaged in repeated violent conduct. Specifically, Plaintiff accused the Delaware attorney of endangering a child as follows:

On or about the filing of the *Affidavit of Heidi N. Buchanan,* the child sustained injuries characteristic to physical coercion, and are repetitive in nature to a broken rib injury sustained by the child on or about the time [the attorney] obtained an Affidavit from the child pertaining to Family Court issues.

There is absolutely no factual basis whatsoever supporting Plaintiff's wholly specious and libelous allegations. Plaintiff's motion is in violation of Superior Court Civil Rule 11(b).

**THEREFORE, the Court *sua sponte* deems as striken in its entirety Plaintiff's Motion for Protective Order and Order to Strike Supplement of Defendants Thomas E. Gay and Stumpf, Vickers & Sandy P.A. to their Motion for Dismissal in Lieu of an Answer to the Complaint, as lacking factual support, and clearly having been filed without any reasonable inquiry.**

* * *

### *Plaintiff's Motion for Default Judgment Against Thomas E. Gay, Esquire, and the Firm of Stumpf, Vickers & Sandy, P.A.*

Plaintiff has requested "an order of payment for the amount of $37,000,000 (thirty seven million dollars) in response to, and as a result of Respondents inexcusable neglect of legal process, laxity in defending any and all allegation of *Complaint,* where respondents are joint Tortfeasors *joint and severally liable* for the damages claimed, where separation of respondent parties has delayed this litigation, allowed the individual Tortfeasors ample time to retain Counsel, research and discovery a defense, and *Answer* the allegations of the *Complaint,* where the Respondents have failed to Provide a timely Answer giving cause for *Motion for Default Judgment,* pursuant to Superior Court Rule 55.[sic]"

Superior Court Civil Rule 55(b) provides that judgment by default may be entered "when a party against whom a judgment for affirmative relief is sought has failed to appear, plead or otherwise defend." Defendants Thomas Gay and Stumpf, Vickers & Sandy, P.A. were served on January 11, 2006. Counsel for both defendants entered an appearance on January 26, 2006. Also on January 26, 2006, both defendants filed a Motion for Enlargement of Time to File an Answer. The Court granted the motion and set March 3, 2006 as the time within which these defendants must file a responsive pleading. On February 9, 2006, these defendants timely filed a Motion for Dismissal in Lieu of Answer to the Complaint. A motion to dismiss under Rule 12(b)(6) is a responsive pleading for purposes of Rule 55.

*\*3* **THEREFORE, Plaintiff's Motion for Default Judgment Against Thomas E. Gay, Esquire, and the Firm of Stumpf, Vickers & Sandy, P.A. is hereby DENIED.**

* * *

### *Motion of Thomas E. Gay, Esquire and Stumpf, Vickers & Sancy, P.A. for Dismissal in lieu of an Answer to the Complaint*

The claims asserted in the Complaint fall into three categories. The following is the

Court's analysis of each category.

### *Pleadings Filed and Statements Made by Thomas E. Gay, Esquire*

The Complaint asserts that Gay made numerous statements that defamed Plaintiff. Plaintiff also claims that various pleadings, motions and documents, filed in connection with Family Court proceedings, in bankruptcy proceedings, and with the Delaware Supreme Court, were malicious and caused Plaintiff severe emotional harm. Plaintiff also claims that Gay's actions in connection with court proceedings harmed Plaintiff and resulted in unreasonable delay, financial damage, police harassment, and imposition by Family Court of "conditions on the Plaintiff[ ] that are penal in nature and which are described as 'CRUEL AND UNUSUAL' punishment in a civilized community, in violation of the 8th amendment." Plaintiff alleges that Gay acted in concert with his law firm, Stumpf, Vickers & Sandy, P.A.

In certain instances, Plaintiff asserts that Gay breached his fiduciary duties to Heidi Buchanan and David J. Buchanan. There is no basis for a finding that Gay had any fiduciary duty to David Buchanan. Because Heidi Buchanan is no longer a party, the Court need not address whether there was any breach of duty to Heidi.

Although currently married to Thaila Joan Gay, former wife of David J. Buchanan, Thomas Gay was acting as an attorney (representing Thaila Gay) in all of the Family Court, Bankruptcy Court, and Supreme Court proceedings.

In Delaware, the absolute privilege attaches to all statements made in the course of judicial proceedings. The privilege affords absolute protection upon a showing that the statements were issued as part of a judicial proceeding. The privilege is not confined to events inside a courtroom. Rather, the privilege extends to all communications relating to the litigation, including communications with witnesses and the drafting and filing of pleadings. [FN1]

FN1. *Nix v. Sawyer,* 466 A.2d 407, 410-11 (Del.Super.1983).

The absolute privilege protects attorneys and participants in litigation from actions for defamation.

The purpose served by the absolute privilege is to facilitate the flow of communication between persons involved in juridical proceedings and, thus, to aid in the complete and full disclosure of facts necessary to a fair adjudication. To accomplish this goal, the privilege protects judges, parties, attorneys, witnesses and other persons connected with litigation from the apprehension of defamation suits, thus permitting them to speak and write freely, without undue restraint. Moreover, the protection afforded by the privilege is absolute; so long as the statement is pertinent to, and made in the course of, a judicial proceeding, *even a showing of malice* will not divest the statement of its immune status (emphasis in original).... As the *Nix* court pointed out, "the interest in encouraging a litigant's unqualified candor as it facilitates the search for truth is deemed so compelling that the privilege attaches even where the statements are offered maliciously or with knowledge of their falsity." [FN2]

FN2. *Barker v. Huang,* 610 A.2d 1341, 1345 (Del.1992) (quoting *Nix v. Sawyer,* 466 A.2d 407 (Del.Super.1983).

*4 The absolute privilege bars all of Plaintiff's claims based on pleadings filed, statements made, and actions taken by Thomas E. Gay, Esquire, individually and as a

member of the law firm of Stumpf, Vickers & Sandy P.A., in connection with litigation in which Gay represented Thaila Joan Gay.

### Plaintiff's Civil Rights Claims

Plaintiff alleges that Gay violated Plaintiff's civil rights as guaranteed by the Fifth, Eighth and Fourteenth amendments to the United States Constitution. Thomas E. Gay, Esquire and the law firm of Stumpf, Vickers & Sandy, P.A. are private parties engaged in the private practice of law. In order to maintain a cause of action on the basis of violation of Constitutional rights, a plaintiff must demonstrate: (1) that the deprivation was caused by "the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible;" and (2) that the private party "acted together with or ... obtained significant aid from State officials" or engaged in conduct "otherwise chargeable to the State." [FN3] Plaintiff has not alleged any facts upon which the Court could find that Gay or Stumpf, Vickers & Sandy P.A. acted under color of state law.

FN3. *Wyatt v. Cole,* 504 U.S. 158, 160-62, 112 S.Ct. 1827, 118 L.Ed.2d 504 (1992).

Additionally, such claims must be made pursuant to the Civil Rights Act of 1971, as codified at 42 U.S.C. § 1983.[FN4] Plaintiff has failed to do so.

FN4. 42 U.S.C. § 1983 ("Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.").

### Delaware Lawyers' Rules of Professional Conduct

The Complaint sets forth several instances in which Gay and his law firm allegedly breached ethical duties established by the Delaware Lawyers' Rules of Professional Conduct ("DLRPC"). The DLRPC regulate the actions of individual attorneys and do not apply to law firms. Further, assuming the facts in the light most favorable to Plaintiff, even if there were violations of the DLRPC, Plaintiff does not have standing to recover damages. *The Preamble: A lawyer's responsibilities,* provides in pertinent part:

(20) Violation of a Rule should not itself give rise to a cause of action against a lawyer nor should it create any presumption in such a case that a legal duty has been breached. In addition, violation of a Rule does not necessarily warrant any other nondisciplinary remedy, such as disqualification of a lawyer in pending litigation. The rules are designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies. They are not designed to be a basis for civil liability. Furthermore, the purpose of the Rules can be subverted when they are invoked by opposing parties as procedural weapons. The fact that a Rule is a just basis for a lawyer's self-assessment, or for sanctioning a lawyer under the administration of a disciplinary authority, does not imply that an antagonist in a collateral proceeding or transaction has standing to seek

enforcement of the Rule.

There is no basis for enforcement of a lawyer's ethical duties outside the framework of disciplinary proceedings. It is a fundamental constitutional principle that the Delaware Supreme Court has sole and exclusive jurisdiction over all matters affecting governance of members of the Delaware Bar.[FN5]

FN5. *In re Infotechnology, Inc., Shareholder Litigation*, 582 A.2d 215, 219-220 (Del.1990).

---

**\*5 THEREFORE, the Motion of Thomas E. Gay, Esquire and Stumpf, Vickers & Sandy, P.A. for Dismissal in lieu of an Answer to the Complaint is hereby GRANTED. The Complaint is hereby DISMISSED WITH PREJUDICE. All subsequent filings and any further application to this Court relating to this case shall be subject to the requirements of 10** *Del. C.* **§ 8803(e).**[FN6]

FN6. (e) When a Court finds that a litigant has abused the judicial process by filing frivolous or malicious litigation, the Court may enjoin that litigant from filing future claims without leave of court. When so enjoined, any future requests to file claims must be accompanied by an affidavit certifying that:

(1) The claims sought to be litigated have never been raised or disposed of before in any court;

(2) The facts alleged are true and correct;

(3) The affiant has made a diligent and good faith effort to determine what relevant case law controls the legal issues raised;

(4) The affiant has no reason to believe the claims are foreclosed by controlled law; and

(5) The affiant understands that the affidavit is made under penalty of perjury.

\* \* \*

**IT IS SO ORDERED.**

# Exhibit B

Supreme Court of Delaware.
David J. BUCHANAN, and in the interest of Heidi N. Buchanan, Plaintiff Below, Appellant,
v.
Thomas E. GAY, Esquire; Thalia Joan Gay; and the firm of Stumpf, Vickers & Sandy, P.A., Defendants Below, Appellees.
No. 562, 2006.
Submitted: March 8, 2007.
Decided: May 17, 2007.

Court Below-Superior Court of the State of Delaware, in and for Sussex County.

Before HOLLAND, BERGER and JACOBS, Justices.

**ORDER**

CAROLYN BERGER, Justice.
*1 This 17th day of May 2007, upon consideration of the opening brief filed by the *pro se* appellant, David J. Buchanan ("Buchanan"), a motion to affirm filed by appellees-Thomas E. Gay, Esq. and the law firm of Stumpf Vickers & Sandy, P.A. (collectively "Attorney/Law Firm Defendants"), and a motion to affirm filed by appellee-Thalia Joan Gay ("Nurse Defendant"), it appears to the Court that:

(1) Buchanan filed a complaint seeking damages in the amount of $37 million dollars for "Breach of Fiduciary Duty, Medical Malpractice, Defamation of Character, Derivative Tort, Infliction of Severe Emotional Distress and Harm, Litigation Conducted in Malum in Se, Failure to Observe Federal Bankruptcy Laws, Violation of Civil Rights, Disadvantaging an Opposing Party by Misleading a Presiding Judge, Abuse of Process, Errors and Omissions."[FN1] Nurse Defendant denied the medical malpractice allegations and sought to dismiss the complaint for Buchanan's failure to file an affidavit of merit.[FN2] Attorney/Law Firm Defendants sought to dismiss the complaint for Buchanan's failure to state a cognizable claim, his failure to join a necessary party, and on the bases of collateral estoppel, judicial estoppel, absolute privilege, and lack of standing.[FN3]

FN1. Buchanan filed the complaint on his behalf and in the interest of his daughter, Heidi N. Buchanan ("Daughter"). To the extent Buchanan sought relief on behalf of Daughter, the Superior Court dismissed the complaint for (I) Buchanan's failure to follow the procedure for appointment as Daughter's legal representative, (ii) Daughter's age of majority at the time of the proceedings, and (iii) Daughter's affidavit requesting that she be dismissed as a party.

FN2. *See* Del.Code Ann. tit. 18, § 6853(a)(1) (Supp.2006) (providing that a healthcare negligence complaint must be accompanied by an affidavit of merit signed by an expert witness stating that there are reasonable grounds to believe that healthcare medical negligence has been committed).

FN3. Attorney/Law Firm Defendants represented Buchanan's former wife in matters before the Family Court, the Federal Bankruptcy Court, and this Court. Nurse Defendant is a licensed nurse employed by Beebe Hospital where Buchanan was a patient and is the spouse of Attorney Defendant.

(2) On June 26, 2006, the Superior Court conducted a hearing on the motions to dismiss filed by Attorney/Law Firm Defendants and Nurse Defendant (collectively "Defendants")

and several motions filed by Buchanan.[FN4] By memorandum opinion dated September 21, 2006, the Superior Court granted Defendants' motions to dismiss and denied, deemed moot, or denied as stricken, Buchanan's motions.[FN5] Buchanan then filed a timely motion for reargument, which the Superior Court denied by order dated October 13, 2006.

FN4. Buchanan filed motions for default judgment, to strike and for protective order.

FN5. *Buchanan v. Gay,* 2006 WL 2709401 (Del.Super.Ct.).

Buchanan filed this appeal from the Superior Court's September 21, 2006 and October 13, 2006 decisions. The Court has carefully considered the parties' positions on appeal and the Superior Court record, including the transcript of the June 26, 2006 hearing.[FN6]

FN6. A copy of the hearing transcript was provided to Buchanan at State expense.

(4) We find it manifest on the face of the opening brief that the appeal is without merit. The Court cannot discern an error of law or abuse of discretion on the part of the Superior Court when dismissing the complaint and otherwise denying relief. The Court concludes that the Superior Court's judgment should be affirmed on the basis of, and for the reasons set forth in, the well-reasoned decisions of September 21, 2006 and October 13, 2006.

NOW, THEREFORE, IT IS ORDERED, pursuant to Supreme Court Rule 25(a), that the motions to affirm are GRANTED. The judgment of the Superior Court is AFFIRMED.

**CERTIFICATE OF SERVICE**

I, James Drnec, hereby certify that on the 10th day of August 2007, the foregoing Defendants' Motion to Dismiss Pursuant To 18 Del. C. § 6853 was filed via CM/ECF and served First Class Mail upon the following:

**FIRST CLASS MAIL**
Al-Muhammad Aleek Shabazz
  a/k/a Roger L. Dennis, Jr.
SBI #241736
1181 Paddock Rd.
Smyrna DE 19972


　　　　　　　　　　　　　　　　　　　　　／s/ James E. Drnec
　　　　　　　　　　　　　　　　　　　James E. Drnec, Esquire (#3789)