IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AL-MUHAMMAD ALEEK SHABAZZ a/k/a Roger L. Dennis, Jr. | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civ. Action No. 06-372-GMS ) |
| FIRST CORRECTIONAL MEDICAL SERVICES and CORRECTIONAL MEDICAL SERVICES, INC., | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM

## I. BACKGROUND

The plaintiff, Al-Muhammad Aleek Shabazz ("Shabazz"), an inmate at the Delaware

Correctional Center ("DCC") filed this action pursuant to 42 U.S.C. § 1983. He appears *pro se*

and was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 3.)

Shabazz's first amended complaint alleges that the defendants were deliberately indifferent to his

serious medical needs after he sustained an injury to his ear. Pending before the court is the

defendant, Correctional Medical Services, Inc.'s ("CMS") motion to dismiss pursuant to 18 Del.

C. § 6853 and Shabazz's response thereto. (D.I. 21, 23.) Also before the court is Shabazz's

motion to amend and for appointment of counsel. (D.I. 28.)

## II. DISCUSSION

### A. Motion to Dismiss

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim

upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The court must accept all factual

allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson*

*v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, –U.S.–, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). Shabazz is required to make a "showing" rather than a blanket assertion of an entitlement to relief. *Phillips v. County of Allegheny*, No. 06-2869, 2008 WL 305025, at *5 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. *Id.* (citing *Twombly*, 127 S.Ct. at 1965 n.3.) Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Phillips v. County of Allegheny*, 2008 WL 305025, at *6 (quoting *Twombly*, 127 S.Ct. at 1965 n.3.) "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id.* Because the plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007)

-2-

(citations omitted).

CMS moves to dismiss with prejudice any medical negligence claim that Shabazz may advance on the basis that he did not timely file an affidavit of merit as is required for state medical negligence claims pursuant to 18 Del. Code § 6853(a)(1). In Delaware, medical malpractice is governed by the Delaware Health Care Negligence Insurance and Litigation Act. Del. Code Ann. tit. 18 § 6801(7). When a party alleges medical negligence, Delaware law requires the party to produce expert medical testimony detailing: (1) the applicable standard of care, (2) the alleged deviation from that standard, and (3) the causal link between the deviation and the alleged injury." *Bonesmo v. Nemours Found.*, 253 F. Supp. 2d 801, 804 (D. Del. 2003) (quoting *Green v. Weiner*, 766 A.2d 492, 494-95 (Del. 2001)) (internal quotations omitted); Del. Code Ann. tit. 18 § 6853. The complaint makes no reference to a medical malpractice claim, nor did Shabazz include an affidavit of merit signed by an expert witness with his complaint as is required. Indeed, the complaint speaks specifically to constitutional violations pursuant to 42 U.S.C. § 1983. Therefore, the court will grant CMS' motions to dismiss pursuant to Del. Code Ann. tit. 18 § 6853.

## B. Motion to Amend

Shabazz moves to amend the complaint to add condition of confinement claims for acts that occurred in November 2007, specifically, the alleged lack of running water for three days. (D.I. 28.) He also complains of "illegal write-ups", lack of medication for several days, and other various complaints. Shabazz's original complaint seeks recovery for deliberate indifference to his serious medical needs as a result of an injury he sustained on March 23, 2006.

"After amending once or after an answer has been filed, the plaintiff may amend only

with leave of the court or the written consent of the opposing party, but 'leave shall be freely given when justice so requires.'" *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (quoting Fed. R. Civ. P. 15(a)). Amendment, however, is not automatic. *See Dover Steel Co., Inc. v. Hartford Accident and Indem.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993). The court has discretion to deny leave to amend when there exists undue delay, bad faith, dilatory motive or undue prejudice to the opposing party, or when the amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

Shabazz moves to add claims totally unrelated to his original complaint. "The court will not allow an expansion of the instant action to include other matters unrelated to the initial claims because they do not arise out of the same transactions or occurrences upon which the original action is premised." *Jackson v. Taylor*, NO. CA 05-823, 2007 WL 2065244 (D. Del. July 17, 2007); Fed. R. Civ. P. 15. Accordingly, the court will deny Shabazz's motion to amend.

### C. Motion for Appointment of Counsel

In Shabazz's motion to amend, he makes a brief request for appointment of counsel. A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel. *See Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981). *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). The "decision to appoint counsel may be made at any point in the litigation, and may be made by a district court *sua sponte*." *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002). It is within the court's discretion to seek representation by counsel for the plaintiff, but this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the

-4-

court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); *accord Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993)(representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law). After passing this threshold inquiry, the court considers various factors when assessing a request for counsel, including: (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Tabron*, 6 F.3d at 155-57; *accord Parham*, 126 F.3d at 457; *Montgomery v. Pinchak*, 294 F.3d at 499.

Shabazz has shown that he is able to clearly articulate the alleged facts. The factual issues in the case are not complicated. He has exhibited his ability to obtain discovery and it appears his discovery requests are being responded to by defendants. Finally, at this juncture, it does not appear than expert witness testimony is necessary. Accordingly, the court will deny without prejudice the motion for appointment of counsel. (D.I. 28.)

## III. CONCLUSION

Based upon the foregoing analysis, the court will grant CMS' motion to dismiss and will deny Shabazz's motion to amend and for appointment of counsel. An appropriate order will be entered.

_____, 2008
Wilmington, Delaware

CHIEF UNITED STATES DISTRICT JUDGE

-5-



FILED

FEB 1 1 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

AL-MUHAMMAD ALEEK SHABAZZ )
a/k/a Roger L. Dennis, Jr. )
)
      Plaintiff, )
)
    v. ) Civ. Action No. 06-372-GMS
)
FIRST CORRECTIONAL MEDICAL )
SERVICES and CORRECTIONAL )
MEDICAL SERVICES, INC., )
)
      Defendants. )

**ORDER**

At Wilmington this 11th day of _____Feb_____, 2008, for the reasons set

forth in the Memorandum issued this date

    1. Defendant Correctional Medical Services, Inc.'s motion to dismiss pursuant to 18 Del.

C. § 6853 is **GRANTED**.  (D.I. 21.)

    2. Shabazz's motion to amend is **DENIED** and motion for appointment of counsel is

**DENIED without prejudice**.  (D.I. 28.)

CHIEF UNITED STATES DISTRICT JUDGE

FILED

FEB 1 1 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE