

United States Court Os Appeals

Sor The Third Circuit

RECEIVED

FEB 20 2008

U.S. C.A. 3rd

3RD

Circuit

Court

In The United States District Court
For The District of Delaware

Al-Muhammad Abdul Shabazz
a.k.a. Roger D. Dennis Jr.                    Civil Action No. 06-372-GMS
                    Plaintiff,

        v.

First Correctional Medical Services
And Correctional Medical Services, Inc.,
                    Defendants.

## Appeal to the 3rd Circuit Court

1st I am the Plaintiff, Al-Muhammad Abdul Shabazz an inmate at the Delaware Correctional Center (DCC), And I filed this action pursuant to 42 U.S.C. § 1983. I went pro se and was granted to leave in forma pauperis pursuant to 28 U.S.C. § 1915. My first amended Complaint was deliberate indifference to my serious medical needs after I sustained injury to my ear.

I asked and filed motion to Defendants Counsel and to the Judge of this case a motion to amend and for appointment of Counsel.

On Thursday Feb 12th 08 I received a order dated Feb 11th 08 granting Dismissal of CMS suit, and my motion to denied & appointment of counsel denied said without prejudice; but it seems to me it is prejudice when this is one of the biggest prison Lawsuits In History again CMS & DCC Corporation. That's why it is Imperative to re-open this case and grant my motions beings I'm going up against a major Corporation.

(Page two) 2nd of all that the court realizes there is no ulterior motives. Its just that those people whom done wrong need to be brought to justice like I was when I did wrong. Thats why I need a lawyer because In the order you claim I made no reference to medical malpractice claim, nor did I include an affidavit of merit signed by an expert witness with the complaint.

Not true for the first part and for the second part thats why I should be granted legal counsel to defend me.
You all took and took money off my books, and than now almost 2 yrs later you try to order for this case to be dismissed.

I can't and I won't let this go. My inquires speaks for itself, and for you to deny my motion to Amend I did in Nov. 2007 was very cruel, so for the forgoing reasons I ask the 3rd Circuit Court to intervene, and overturn this decision, and puts another Judge Instead of Chief Judge Gregory M. Sleet on this, because hes to close to this. The letter dated March 28th 2000 explains why I say that. I have over 1,000 page journal, times dates that are proof and evidence In my case.

Since this lawsuit, I've been harassed, people holding vendettas against me, and being vindictive toward me, and disrespectful, because I am Muslim.

I can't help what I believe In and who I am, and I refuse to be disrespected, made a example of, or used like

(Page three) a guinea pig. I'm not a scholar on law, but I do know my rights and I know the difference between right and wrong. So either the Defendants settle as I requested before, and not make a mockery of themselves or prepare for trial.

Written Feb 14th 08

Sincerely

Mr. Al-Muhammad Aleek Shabazz
aka Mr. Roger Jennings. SBI. 00241736
SHU Bldg 19 B-Lower 10

CC: Balick & Balick LLC, Attorneys for CMS
Honorable Judge Gregory M. Sleet
(Shabazz file)

*Every Munson*

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

**GREGORY M. SLEET**
UNITED STATES DISTRICT JUDGE

U.S. COURTHOUSE
844 KING STREET
LOCKBOX 19
WILMINGTON, DE 19801

(302) 573-6470
(302) 573-6472 FAX

March 29, 2000

I/M Muhammad Aleek Shabazz
SBI # 00241736, Unit # MSU
Delaware Correctional Center
Smyrna, DE 19977

Dear Mr. Shabazz:

I am writing in response to your letter of March 20, 2000 which you addressed to my assistant, Althea Brown, and mailed to the United States Attorney's office. The letter was forwarded to my chambers here at the U.S. Courthouse. I do not normally correspond directly with any litigant who is appearing before me, however, none of your matters are assigned to me. Additionally, I write out of courtesy to your mother for whom I hope all else is well.

I am sorry to hear of the difficulties you appear to be having within the Delaware prison system. You have asked that I let you know if I can help or have someone see you. Unfortunately, because of my current position as a judge, the answer to both questions is, no. I am no longer in a position to investigate the circumstances surrounding the incarceration of any one person, or, for that matter, complaints about general prison conditions. My involvement in matters of the nature you describe in your letter, or any other civil or criminal matter, does not begin until a lawsuit, a habeas petition, etc., is filed, or an indictment is handed down, and the matter is assigned to my docket. This assignment occurs on a random basis. Contrary to what you indicate in your letter, Judge Longobardi's cases have not been assigned to me. They have been distributed among the judges of the court. As I have already noted, I have checked and none of your matters appears on my docket.

While I am sure this is not the news you wanted to hear, I am unable to report anything else to you at this time.

Very truly yours,

GREGORY M. SLEET

BALICK & BALICK LLC
                                    ATTORNEYS

                                                        Sidney Balick
August 22, 2007                                          Adam Balick
                                                       Joanne Ceballos
                                                        James Drnec

Mr. Al-Muhammad Aleek Shabazz
a/k/a Roger L. Dennis, Jr.
SBI # 241736
Delaware Correctional Center
1181 Paddock Rd.
Smyrna, DE 19977

            Re:    *Shabazz v. Correctional Medical Services.*
                   *C.A. No. 06-372 GMS*

Dear Mr. Shabazz:

        As you are aware, I represent the defendant in the above-referenced action. I
write to raise two issues: First, I noticed that on August 21, 2007, you filed with the
Court the letter I sent to you on August 9, 2007 asking you to execute and return to me
the medical records authorization form I also sent you. If you do not intend to execute
that form, please let me know at once.

        Second, I have reviewed your Answers to CMS's Interrogatories and they are
deficient in the following manner: Numbers 1, 2, and 3 each request information about
you from the ten year period PRIOR to your current incarceration. You have responded
only with information that is current. Please provide the information requested.

        Number 5 asks you to identify "with specificity" the injuries you claim CMS is
responsible for. Your first entry reads "Back Lower Disc". Are you contending that
CMS is responsible for injuring one of the discs in your lower back? If so, please
indicate the level at which the injury occurred and the date and manner in which it
occurred. Please also confirm that you are now contending that CMS is also responsible
for your asthma, high blood pressure and difficulty breathing.

        Please provide this information so that we can avoid the inconvenience and
expense of a motion to compel. Pursuant to Local Rule 7.1.1, this letter constitutes my
attempt to communicate with you prior to the filing of a motion to compel.

        I also note that your most recent filing with the Court included a substantial
number of documents. I have not, however, received any written responses to CMS's

Mr. Al-Muhammad Aleek Shabazz
August 22, 2007
Page 2-

Requests for Production of Documents, which was filed on August 10, 2007. I remind
you that you must file a written response in addition to producing documents. Given the
nature of the documents you have produced to date, I hope that you have additional
documents as a number of categories have not been produced.

    Thank you for your time. I look forward to hearing from you.

Sincerely,

James E. Drnec
(ID#3789)

JD/jz



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AL-MUHAMMAD ALEEK SHABAZZ           )
a/k/a Roger L. Dennis, Jr.                          )
                                                              )
              Plaintiff,                                  )
                                                              )
      v.                                                     )  Civ.  Action No. 06-372-GMS
                                                              )
FIRST CORRECTIONAL MEDICAL         )
SERVICES and CORRECTIONAL           )
MEDICAL SERVICES, INC.,                    )
                                                              )
              Defendants.                            )

## MEMORANDUM

### I. BACKGROUND

The plaintiff, Al-Muhammad Aleek Shabazz ("Shabazz"), an inmate at the Delaware

Correctional Center ("DCC") filed this action pursuant to 42 U.S.C. § 1983. He appears *pro se*

and was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 3.)

Shabazz's first amended complaint alleges that the defendants were deliberately indifferent to his

serious medical needs after he sustained an injury to his ear.  Pending before the court is the

defendant, Correctional Medical Services, Inc.'s ("CMS") motion to dismiss pursuant to 18 Del.

C. § 6853 and Shabazz's response thereto. (D.I. 21, 23.)  Also before the court is Shabazz's

motion to amend and for appointment of counsel. (D.I. 28.)

### II. DISCUSSION

#### A. Motion to Dismiss

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim

upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  The court must accept all factual

allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson*

*v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406

(2002). A complaint must contain "'a short and plain statement of the claim showing that the

pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is

and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, –U.S.–, 127 S.Ct. 1955, 1964

(2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8. A complaint does

not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of

his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual

allegations must be enough to raise a right to relief above the speculative level on the assumption

that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations

omitted). Shabazz is required to make a "showing" rather than a blanket assertion of an

entitlement to relief. *Phillips v. County of Allegheny*, No. 06-2869, 2008 WL 305025, at *5 (3d

Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the

requirement that he or she provide not only "fair notice," but also the "grounds" on which the

claim rests. *Id.* (citing *Twombly*, 127 S.Ct. at 1965 n.3.) Therefore, "'stating . . . a claim

requires a complaint with enough factual matter (taken as true) to suggest' the required element."

*Phillips v. County of Allegheny*, 2008 WL 305025, at *6 (quoting *Twombly*, 127 S.Ct. at 1965

n.3.) "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply

calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the

necessary element." *Id.* Because the plaintiff proceeds *pro se*, his pleading is liberally construed

and his complaint, "however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007)

-2-

(citations omitted).

CMS moves to dismiss with prejudice any medical negligence claim that Shabazz may advance on the basis that he did not timely file an affidavit of merit as is required for state medical negligence claims pursuant to 18 Del. Code § 6853(a)(1). In Delaware, medical malpractice is governed by the Delaware Health Care Negligence Insurance and Litigation Act. Del. Code Ann. tit. 18 § 6801(7). When a party alleges medical negligence, Delaware law requires the party to produce expert medical testimony detailing: (1) the applicable standard of care, (2) the alleged deviation from that standard, and (3) the causal link between the deviation and the alleged injury." *Bonesmo v. Nemours Found.*, 253 F. Supp. 2d 801, 804 (D. Del. 2003) (quoting *Green v. Weiner*, 766 A.2d 492, 494-95 (Del. 2001)) (internal quotations omitted); Del. Code Ann. tit. 18 § 6853. The complaint makes no reference to a medical malpractice claim, nor did Shabazz include an affidavit of merit signed by an expert witness with his complaint as is required. Indeed, the complaint speaks specifically to constitutional violations pursuant to 42 U.S.C. § 1983. Therefore, the court will grant CMS' motions to dismiss pursuant to Del. Code Ann. tit. 18 § 6853.

**B. Motion to Amend**

Shabazz moves to amend the complaint to add condition of confinement claims for acts that occurred in November 2007, specifically, the alleged lack of running water for three days. (D.I. 28.) He also complains of "illegal write-ups", lack of medication for several days, and other various complaints. Shabazz's original complaint seeks recovery for deliberate indifference to his serious medical needs as a result of an injury he sustained on March 23, 2006. "After amending once or after an answer has been filed, the plaintiff may amend only

-3-

with leave of the court or the written consent of the opposing party, but 'leave shall be freely given when justice so requires.'" *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (quoting Fed. R. Civ. P. 15(a)). Amendment, however, is not automatic. *See Dover Steel Co., Inc. v. Hartford Accident and Indem.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993). The court has discretion to deny leave to amend when there exists undue delay, bad faith, dilatory motive or undue prejudice to the opposing party, or when the amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

Shabazz moves to add claims totally unrelated to his original complaint. "The court will not allow an expansion of the instant action to include other matters unrelated to the initial claims because they do not arise out of the same transactions or occurrences upon which the original action is premised." *Jackson v. Taylor*, NO. CA 05-823, 2007 WL 2065244 (D. Del. July 17, 2007); Fed. R. Civ. P. 15. Accordingly, the court will deny Shabazz's motion to amend.

### C. Motion for Appointment of Counsel

In Shabazz's motion to amend, he makes a brief request for appointment of counsel. A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel. *See Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981). *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). The "decision to appoint counsel may be made at any point in the litigation, and may be made by a district court *sua sponte*." *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002). It is within the court's discretion to seek representation by counsel for the plaintiff, but this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the

-4-

court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); *accord Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993)(representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law). After passing this threshold inquiry, the court considers various factors when assessing a request for counsel, including: (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Tabron*, 6 F.3d at 155-57; *accord Parham*, 126 F.3d at 457; *Montgomery v. Pinchak*, 294 F.3d at 499.

Shabazz has shown that he is able to clearly articulate the alleged facts. The factual issues in the case are not complicated. He has exhibited his ability to obtain discovery and it appears his discovery requests are being responded to by defendants. Finally, at this juncture, it does not appear than expert witness testimony is necessary. Accordingly, the court will deny without prejudice the motion for appointment of counsel. (D.I. 28.)

## III. CONCLUSION

Based upon the foregoing analysis, the court will grant CMS' motion to dismiss and will deny Shabazz's motion to amend and for appointment of counsel. An appropriate order will be entered.

_____, 2008
Wilmington, Delaware

CHIEF UNITED STATES DISTRICT JUDGE

FILED

FEB 1 1 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

-5-

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

AL-MUHAMMAD ALEEK SHABAZZ )
a/k/a Roger L. Dennis, Jr. )
)
      Plaintiff, )
)
     v. ) Civ. Action No. 06-372-GMS
)
FIRST CORRECTIONAL MEDICAL )
SERVICES and CORRECTIONAL )
MEDICAL SERVICES, INC., )
)
      Defendants. )

**ORDER**

At Wilmington this 11ʰ day of _____Feb_____, 2008, for the reasons set

forth in the Memorandum issued this date

    1. Defendant Correctional Medical Services, Inc.'s motion to dismiss pursuant to 18 Del.

C. § 6853 is **GRANTED**. (D.I. 21.)

    2. Shabazz's motion to amend is **DENIED** and motion for appointment of counsel is

**DENIED without prejudice**. (D.I. 28.)



CHIEF, UNITED STATES DISTRICT JUDGE

FILED

FEB 11 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

August 24th 07

Mr. Al-Muhammad Aleek Shabazz
alkla Roger d. Dennis Jr.
SBI. 00241736
Delaware Correctional Center
1181 Paddock Rd.
Smyrna, Dela 19977

Re: Shabazz V. Correctional Medical Services
C.A. No. 06-372 GMS

Dear Mr. Dunes:

I am aware you represent the defendants in the above-referenced action. I sent the Court the same info I sent you. That way it won't be no discrepancies. I am no lawyer nor a scholar, but I know how the system works with all due respect. Seems going to sign to release my medical records, but the Defendants refused to sign. If you look in the package I sent and read the letter that explained.

Second you said I was deficient in my answer to CMS Interrogatories: 1, 2, 3 you said request info about me prior 10 yrs before my Incarceration. I worked for my family business in my homeland Accomica VA Landscapping and Construction.

No. 5# CMS is responsible for not acting on his orders for Treatment to lower back Disk, and I had to wait 5½ yrs before they gave me my

(Page II) proper backbrace back; and I was reinjured by fall when I was working in the kitchen. As far as my asthma, high blood pressure, and difficulty breathing that was explained In the Interrogatories and In my journal notes, and medical grievances which cost me to lose my job In the Kitchen.

Listen Mr. Denman Sir; I'm not a attorney and as I said I'm no scholar with the law, but I've done my homework, and research and I know I have a very strong and winning case. I won't back-down by any means.

I have my witnesses and I'm asking your Honorable Boat to have them all subpoenaed if this goes forth to trial.

I have a whole lot of documents to produce, but I don't have a job, and I only get money from family every now and then, and plus the Court takes a percentage to pay for this lawsuit when I do get money from family for personal hygiene so forth.

Plus I am a muslim and I pay my Zakat which means Charity for my Blessings from the Almighty Allah (S.W.D.).

At this time I can't pay for medical Documents to go out. Is there another way?

(Pg III) Please get back to me a.s.a.p. Plus my mother has a whole file of my legal papers at home. Her name is Ms. Gloria J. Dennis  302-998-2333 Home. Cell 302-898-1255.

Sincerely,

Mr. Al-Muhammad Aleek Shabazz

SBI.00241736

Thanks for your time cooperation.

My ex-fiance Sherry I Scheff has a lot of legal documents and plus she use to work here as a nurse as you see in my answering Interrogatories.

Re: Shabazz v. CMS
C.A. No. 06 - 372 GMS

Page I    Soi Balick & Balick Defense for Defendants
This is A No Binding Motion for you to have
The last dyes of My sentence Vacated and have CMS
Pay I the Plaintiff $250,000 To Make all this go
away.

1) If you decide to settle this; This is the terms that
I hope and pray we could agree upon, but if not
I'll pursue to push for a trial and have all my
witness subpoenaed.

2) To me it would be a waste of the states money
when they are already crying broke for more money
to build, and add more prisons, when these prisons'
conditions, and medical situations stay in the news-
papers daily.

3) I don't want this long and drawn out, but I won't
walk away empty handed for all the negligent
and inadequate treatment I've been through.

4) With all due respect; if they would have properly
done their jobs none of us would be in this
position.

5) All medical personnel aren't bad, and its sad you
got nurses quitting and leaving, because they don't
like the way we are being treated, and the way
they are being treated.

Page II    This is my motion. Please get back to me with your
immediate response.

Sincerely

Mr. Al-Muhammad Aleet Shabazz
SBI 00284736

aug 24th 07



RECEIVED

AUG 2 4 2007

Delaware Correctional Center

WILMINGTON
PM

Al-Muhammad Aleek Shabazz
a/k/a Roger L. Dennis, Jr.
SBI #241736
1181 Paddock Rd.
Smyrna DE 19972

LEGAL
DOCUMENTS

BALICK & BALICK LLC
ATTORNEYS

711 King Street · Wilmington, Delaware 19801    1997 35679 R003

# BALICK & BALICK LLC
### ATTORNEYS

August 22, 2007

Sidney Balick

Adam Balick

Joanne Ceballos

James Drnec

Mr. Al-Muhammad Aleek Shabazz
a/k/a Roger L. Dennis, Jr.
SBI # 241736
Delaware Correctional Center
1181 Paddock Rd.
Smyrna, DE 19977

> **Re:    *Shabazz v. Correctional Medical Services*.**
> ***C.A. No. 06-372 GMS***

Dear Mr. Shabazz:

As you are aware, I represent the defendant in the above-referenced action. I write to raise two issues: First, I noticed that on August 21, 2007, you filed with the Court the letter I sent to you on August 9, 2007 asking you to execute and return to me the medical records authorization form I also sent you. If you do not intend to execute that form, please let me know at once.

Second, I have reviewed your Answers to CMS's Interrogatories and they are deficient in the following manner: Numbers 1, 2, and 3 each request information about you from the ten year period PRIOR to your current incarceration. You have responded only with information that is current. Please provide the information requested.

Number 5 asks you to identify "with specificity" the injuries you claim CMS is responsible for. Your first entry reads "Back Lower Disc". Are you contending that CMS is responsible for injuring one of the discs in your lower back? If so, please indicate the level at which the injury occurred and the date and manner in which it occurred. Please also confirm that you are now contending that CMS is also responsible for your asthma, high blood pressure and difficulty breathing.

Please provide this information so that we can avoid the inconvenience and expense of a motion to compel. Pursuant to Local Rule 7.1.1, this letter constitutes my attempt to communicate with you prior to the filing of a motion to compel.

I also note that your most recent filing with the Court included a substantial number of documents. I have not, however, received any written responses to CMS's

Mr. Al-Muhammad Aleek Shabazz
August 22, 2007
Page 2-

Requests for Production of Documents, which was filed on August 10, 2007. I remind
you that you must file a written response in addition to producing documents. Given the
nature of the documents you have produced to date, I hope that you have additional
documents as a number of categories have not been produced.

Thank you for your time. I look forward to hearing from you.

Sincerely,

James E. Drnec
(ID#3789)

JD/jz



**STATE OF DELAWARE**
DEPARTMENT OF CORRECTION
## OFFICE OF THE DEPUTY WARDEN
DELAWARE CORRECTIONAL CENTER
1181 Paddock Road
SMYRNA, DELAWARE 19977
Telephone: (302) 653-9261
Fax: (302) 659-6668

**TO:**      IM Roger Dennis SBI# 241736 SHU 17 CL7

**FROM:**    Deputy Warden Pierce

**DATE:**    January 22, 2007

**RE:**      Property and Staff Issues

___

I received your letter dated December 28, 2006, regarding your property and staff and have forwarded your concerns to S/Lt. Dotson for his investigation and action.


DP/dc
Attachment
cc:     S/Lt. Dotson
        File

Dear Sir
To: Deputy Warden David Pierce
From: Al Mohammad Abdul Haleeq, aka Mr. Leon Dennis Jr.

**RECEIVED**
**JAN 0 5 2007**
SBI#00304178 Bldg 17 C-1-7 SHU

**DEPUTY WARDEN I**

Yesterday, Sir, after my visit with family my property finally brought to me at 1 am. Sgt. Nettlingworth Friest of all I got receipts, and paperwork on everything I didn't get, and I didn't get all my commissary, and she smartly told me that if I didn't sign on my TV, radio, headphones over I would be withholding fine don't let it up to my property. She threw my 2 win prayer rug threw the flag on the floor which was very disrespectful, and I shoved all my stuff on the floor. She never gave me a copy of any of my property of my Inventory which is a violation, and I have officers to witness the disrespect of this female officer. I filed a grievance, and paperwork on this. I'm informing you, because I know the grievance board hearing officer, and everyone is going to try to let her get away, because she's one of their own. I'm here for bogus write ups never seen. I've been humiliated, disrespected, and now the big guns step in, my father, people say, aunt that works in the Pentagon & aunt and uncle Both Federal Agents FBI. I've tried to be civil but this prison continuously wants to play games, have me in the hospital psychic rooms 21 days taking showers, I've just floated now I get sores on feet and all that skin rashes all that, and medical don't want to do their job. You leave me know choice. I'll hold off my aunt and uncle, and my family that's senators and that's in Congress until I see what they do at BSP Maryland, even though I already know what they are going to do nothing. After New Years day. Back to business, doing that week I'm unleashing my people's letting them do what should've been done a long time ago. I'm not going to let this prison keep humiliating me, doing what they want and think they are going to get away with. The numerous things, cell phones, drugs all that crap I know about all of it and how they getting in and log when. I'll pull all their cards for what they did to me.

_[signatures]_

Alis K Swamp



**To:** Imam W. Muhammad A. Shabazz #341716 (I-building)

**From:** Major James Scarborough

**Date:** 11-01-06

**Subject:** letter of complaint against staff

I have read your letter and forwarded it to Unit Commander, Captain Karl Hazzard for his investigation.

*Major James Scarborough*
Security Superintendent

Cc: Captain Karl Hazzard
    file



STATE OF DELAWARE
DEPARTMENT OF CORRECTION
245 McKEE ROAD
DOVER, DE 19904

Carl C. Danberg                                                              (302) 739-5601
Commissioner                                                        Fax:    (302) 739-8221

February 27, 2007

Al-Muhammad Aleek Shabazz
SBI# 00241736
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Dear Mr. Shabazz,

 I am in receipt of your letter dated February 12th.

 I have forwarded your letter to Jim Welch, Medical Director to investigate.

Sincerely,

Carl C. Danberg
Commissioner

cc: t-file 20

CCD:lmd



STATE OF DELAWARE
DEPARTMENT OF CORRECTION
OFFICE OF THE DEPUTY WARDEN
DELAWARE CORRECTIONAL CENTER
1181 Paddock Road
SMYRNA, DELAWARE 19977
Telephone: (302) 653-9261
Fax: (302) 659-6668

<u>Lawrence A. McGuigan</u>

<u>MEMORANDUM</u>

**TO:**     Inmate Roger Dennis, AKA Muhammad Shabazz
           SBI# 241736
           MHU 21 BU3B

**FROM:**   Lawrence McGuigan
           Deputy Warden

**DATE:**   June 18, 2002

**RE:**     Back Brace

_____

     Relevant to our recent conversation, I requested that medical perform an evaluation on your ongoing requests for a back brace.

     Medical has advised me that, at this time you do not require a back brace. Should you wish further clarification, feel free to write to the Medical Department.

LAM/dc

cc:    Deputy Warden Burris
       Captain Henry
       Robbie Hampton/Medical
       Inmate File

1

April 4, 2006

Al Muhammad Aleek Shabazz,  241736
22
BL11

I believe our letters may be crossing in the mail.  After I saw you on 3/28/06, I met with
Miss Mattie about your ear.  She said she would have Nurse Quani come to see you.  It
sounds like that did not go well.  I will copy that letter to Miss Shirell for review.  I also
sent a memo to the phone staff – Miss Courtni to check on the problems with your
mother's number.   I will keep you posted as I receive responses.

Thank you,

Cindy Atallian
Counselor – 22

A.M.A.S.
Received
4-05th 06 wednesday

April 11, 2006

Al Muhammad Aleek Shabazz, 241736
22
BL11

Your phone sheet was submitted with your mother's new number – 302-998-2333. You should be able to make calls now. I advised Mental Health staff that you wanted to speak to them as well.

Thank you,

Cindy Atallian
Counselor – 22

**SPEED LETTER**

TO Al Muhammad Aleek Shabazz
241736
22 BL11

FROM Cindy Atallian
Counselor - 22

SUBJECT:

MESSAGE

I met with medical about your medication issue. This should have been corrected by now. If not, please notify me immediately. I also completed a Chaplaincy referral.

Thank you.

DATE 03/22/00    SIGNED Cin

REPLY:

DATE _____    SIGNED _____

FORM #: 535    SEND PARTS 1 & 2 INTACT. PART 2 WILL BE RETURNED WITH REPLY. RETAIN PART 3 FOR FILE.

April 20, 2006

Muhammad Aleek Shabazz, 241736
22
BL11

I received your letter. Your phones should be working now for you to call your mother. If not let me know. I have placed you on the list for a classification for Family Problems, but I have 40 people for this month, so I must get them out of the way first. It might not be possible to have this finalized until May, but I will see if the Lt. has any extra room. It looks pretty full now. Also, I will bring up your case to the Mental Health meeting staff next week about your ear if nothing has been done. Please let me know something before Wednesday of next week. If I see Miss Shirell, I will let her know about the concerns that you have expressed.

If you have any other concerns or questions, just let me know.

Thank you,

Cindy Atallian
Counselor – 22

3-16-04

spoke w on
inmate when
3/19/04

To: Brenda Holveida (Supervisor)
From: Al-Muhammad Aleek Shabazz
Alias: Roger Dennis Jr. SBI: 00241736
MHU Bldg 21 B-Lower 3#

Dear Ms. Holveida,

I filed a grievance to you about my medical situation, and I'm concerned, because I still haven't heard back from you yet, and I'm still having the same problem with my stomach, left side, near my kidney, and sharp pains from my upper chest down near my heart, and my back. This has been going on 4 weeks now. Dr. Loretta Brown ordered malox for my stomach, and still there is no change. Brenda I come to you, because I trust you, and I know you will make sure everything is properly handled. I told you before that (MA) Adrienne Branch also told Dr. Brown about the problem, and then when she saw me again the days I filed the grievance I was charged. Something is wrong Brenda! I know my body. Sometimes when I get up I fall to my knees, because I have no feeling in my whole left side arm, leg all the way down. They drew blood Thursday March 11th 04 Nurse Tonya Smith. But I don't know the lab results. I haven't got my PPD yet, plus I feel a Ekg, and X-Rays should be ran. Please get back to me A.S.A.P.

Sincerely yours,
Mr. Al-Muhammad Aleek Shabazz
Bldg 21 B-Lower 3#

DCC **Delaware Correctional Center**
**Smyrna Landing Road**
**SMYRNA DE, 19977**
**Phone No. 302-653-9261**

## GRIEVANCE REPORT

### OFFENDER GRIEVANCE INFORMATION

| | | | | |
|---|---|---|---|---|
| ffender Name : DENNIS, ROGER L | SBI# | : 00241736 | Institution | : DCC |
| rievance # : 2025 | Grievance Date | : 03/10/2004 | Category | : Individual |
| tatus : Unresolved | Resolution Status : | | Inmate Status : | |
| rievance Type: Health Issue (Medical) | Incident Date | : 03/10/2004 | Incident Time : 14:30 | |
| iC : Merson, Lise M | Housing Location : Bldg 21, Lower, Tier B, Cell 3, Bottom | | | |

### OFFENDER GRIEVANCE DETAILS

escription of Complaint: Cramping in my stomach. Dr. brown charged him $4.00 because she said I never mentioned the problem at my chronic care visit. I did and she should have treated me then. I had a friend who died of stomach cancer here for some of the same symptoms and Dr. Brown ask me if i worry alot and I said yes I do when it comes to my health.

emedy Requested : I request to get another opinion from another medical proffessional and a EKG is done blood test ran, and tat proper steps are taken to resolve this matter with my health. I'm very worried until I get proper diagnosis and then we go from there.

### INDIVIDUALS INVOLVED

| Type | SBI# | Name |
|---|---|---|
| | | |

### ADDITIONAL GRIEVANCE INFORMATION

| | | |
|---|---|---|
| edical Grievance : YES | Date Received by Medical Unit : 03/12/2004 | |
| vestigation Sent : 03/12/2004 | Investigation Sent To | : Kratsas, Gina |
| rievance Amount : | | |

NAME: Dennis Kizer    SBI#: 241236

LOCATION: MHU 21    DATE: 3/19/04

Please schedule with:

MD: Dr. Ali

NP/PA: _____

NSC: _____

For: wants EKG, eval for $Ca^+$
7. CEA

**DCC Delaware Correctional Center**
**Smyrna Landing Road**
**SMYRNA DE, 19977**
**Phone No. 302-653-9261**

Date: 03/16/2004

## INFORMAL RESOLUTION

### OFFENDER GRIEVANCE INFORMATION

| | | |
|---|---|---|
| Offender Name : DENNIS, ROGER L | SBI# : 00241736 | Institution : DCC |
| Grievance # : 2025 | Grievance Date : 03/10/2004 | Category : Individual |
| Status : Unresolved | Resolution Status: | Inmate Status : |
| Grievance Type: Health Issue (Medical) | Incident Date : 03/10/2004 | Incident Time : 14:30 |
| GC : Merson, Lise M | Housing Location :Bldg 21, Lower, Tier B, Cell 3, Bottom | |

### INFORMAL RESOLUTION

Investigator Name : Kratsas, Gina

Date of Report 03/12/2004

Investigation Report :

Reason for Referring:

Offender's Signature: X Al-Muhammad A. Shabazz aka El Dunnis Jr.

Date : 3-19-04

Witness (Officer) : Brenda Holliverda Ramsens

Set i der. alie for eval
for need of EKg +
testing for cakeer.

January 29, 2007

Mr Dennis

I understand your request is for a MRI, however a Physician must request a MRI before you can be scheduled for one. I understand you have gone to both of the outside consults on the same day last week. I will forward your nursing and physician complaints to the DON Eller for investigation, along with a copy of your letter and my response.

Thank you

Deborah Rodweller, Medical



RECEIVED
FEB 20 20
U.S. C.A. 3d

United States Court House
Third Circuit Court of Appeals
601 Market Street
Philadelphia, PA
19106